UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHRISTOPHER GUEST and ) <br> (2) SONJA GUEST, Husband and Wife, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> (1) CSAA FIRE AND CASUALTY ) <br>    INSURANCE COMPANY, f/k/a ) <br>    AAA FIRE & CASUALTY ) <br>    INSURANCE COMPANY, ) <br> ) <br>       Defendants. ) | Case No.: 17-cv-502-JED-FHM <br> (*formerly Tulsa County District Court <br>  Case No.: CJ-2017-01236*) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, CSAA Fire and Casualty Insurance Company ("CSAA"), hereby removes the above-captioned action from the District Court of Tulsa County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-8**.

The removal of this case to federal court is based on the following:

### PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiffs, Christopher Guest and Sonja Guest ("Plaintiffs"), commenced this bad faith action against CSAA in the District Court of Tulsa County, State of Oklahoma (Case No. CJ-2017-1236), on or about March 29, 2017. (*See generally*, Petition, **EXHIBIT 2**.)

2. Plaintiff's allege their residence was insured under a homeowner's policy issued by CSAA. (*See* Petition, ¶ 3, **EXHIBIT 2**.)

3. According to Plaintiffs, the insured property sustained damage in a weather event that occurred on March 30, 2016. (*See* Petition, ¶ 6, **EXHIBIT 2**.)

4. According to Plaintiffs, CSAA breached its insurance contract with Plaintiffs by failing to pay the benefits owed. Plaintiffs further assert that CSAA breached its implied duty of good faith and fair dealing. (*See generally*, Petition, **EXHIBIT 2**.)

5. Plaintiffs are claiming bad faith and punitive damages in excess of $75,000.00. (*See* Application for Leave to Amend Petition, **EXHIBIT 8**.)

## JURISDICTION

6. "'Federal Courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

7. At the time the Petition was filed, federal question jurisdiction did not exist. There were no allegations that the Constitution or any federal statute had been violated. (*See generally,* Petition, **EXHIBIT 2**.)

8. At the time the Petition was filed, diversity jurisdiction did not exist. Plaintiffs' Petition did not alleged damages in excess of $75,000.00. (*See generally,* Petition, **EXHIBIT 2**.)

9. However, as of the moment Plaintiffs filed their Application for Leave to File Amended Petition, diversity jurisdiction existed. Specifically, this case is between citizens of different states and the amount in controversy now clearly exceeds $75,000.00, exclusive of interests and costs.

## COMPLETE DIVERSITY EXISTS

10. At the time of filing, the relevant time period, upon information and belief, Plaintiffs were residents and citizens of the State of Oklahoma. *See Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing). Plaintiffs were not citizens of the State of Indiana or California. (*See* Petition, ¶ 1, **EXHIBIT 2**.)

11. For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State in which it has been incorporated and the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c). While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

12. At the time of filing, CSAA was a foreign corporation, incorporated under the laws of the State of Indiana with its "nerve center" or "principal place of business" in California. (*See* NAIC Company Demographics for CSAA Fire & Casualty Insurance Company, **EXHIBIT 9**.) Thus, CSAA was deemed to be a citizen of Indiana and California. CSAA was not a citizen of the State of Oklahoma.

13. As Plaintiffs and CSAA are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

## THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

14. Diversity of jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. In the present case, this requirement is also met.

15. The Tenth Circuit Court of Appeals has explained "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942).

16. On August 24, 2017, Plaintiffs filed their Application for Leave to File Amended Petition. In said Application, Plaintiffs requested leave to file an Amended Petition clarifying they were seeking bad faith and punitive damages in excess of $75,000.00. (*See* Application for Leave to File Amended Petition, ¶ 7, **EXHIBIT 8**.)

17. Plaintiffs' proposed Amended Petition, attached as an exhibit to their Application for Leave to File Amended Petition, states that Plaintiffs are seeking "[a]ctual and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00)." (Amended Petition, **EXHIBIT 1** to Plaintiffs' Application for Leave to File Amended Petition, **EXHIBIT 8**.)

18. Therefore, based on the foregoing, the amount in controversy requirement is met.

**REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE**

19. Title 28 U.S.C. 1446, provides in pertinent part:

> [I]f the case stated by the initial pleadings is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or which is or has become removable.

28 U.S.C. § 1446(b)(3).

20. Courts so construing this statute have stated that the defendant's right to remove "requires clear and unequivocal notice from the pleading itself, or subsequent 'other paper.'" *Misner v. State Farm Fire & Cas. Co.*, No. CIV-14-873-D, 2014 WL 6879094, at *20 (W.D. Okla. Dec. 4, 2014) (citation omitted). This "clear and unequivocal" requirement allows a defendant to "intelligently ascertain removability so that in his [] [notice] for removal he can make a simple and

4

short statement of facts." *Huffman*, 194 F.3d at 1078 (citations omitted). It also must not have a "double design." *Id.* (citation omitted).

21. On August 24, 2017, Plaintiffs' Application for Leave to File Amended Petition states:

> Plaintiffs' Unopposed Application for Leave to File Amended Petition is not intended to delay or hinder the prosecution of this case. Rather, Plaintiffs' desire to file an Amended Petition is to clarify damages in excess of $75,000.00, the amount required for diversity jurisdiction.

(Application for Leave to File Amended Petition, **EXHIBIT 8**.)

22. This filing allowed CSAA, for the first time, to intelligently ascertain removability so that in its notice for removal it could make a simple and short statement of facts. Thirty days have not elapsed since the filing of Plaintiffs' Application. Therefore, this removal is timely.

23. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See generally,* Petition, filed on December 7, 2016, **EXHIBIT 2**.)

24. This diversity action has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Tulsa County, State of Oklahoma. The Northern District of Oklahoma includes the county of Tulsa County. *See* 28 U.S.C. § 116(a). Therefore, removal to this Court is proper.

25. Pursuant to 28 U.S.C. § 1446(d), CSAA will serve written notice of the filing of this Notice of Removal upon Plaintiffs. CSAA has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, the Defendant, CSAA Fire & Casualty Insurance Company, removes this action from the District Court in and for Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

s/ Erin J. Rooney
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:     405-606-3333
Facsimile:     405-606-3334
**ATTORNEYS FOR DEFENDANT, CSAA FIRE AND CASUALTY INSURANCE COMPANY**

### **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

J. Drew Houghton, Esquire

I hereby certify that on August 31, 2017, I served the same document by U.S. Postal Service on the following who is not a registered participant of the ECF system:

Mr. Don Newberry                                *VIA U.S. MAIL*
Tulsa County Court Clerk
500 South Denver Avenue
Tulsa, Oklahoma  74103

s/ Erin J. Rooney
For the Firm
