## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) CHRISTOPHER GUEST,** and | ) |
| **(2) SONJA GUEST, Husband and Wife** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| *versus* | ) Case No. 17-CV-502-JED-FHM |
| | ) |
| **(1) CSAA FIRE AND CASUALTY** | ) |
| **INSURANCE COMPANY, f/k/a** | ) |
| **AAA FIRE & CASUALTY** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiffs, Christopher Guest and Sonja Guest (hereinafter "Plaintiffs"), and for their causes of action against Defendant, CSAA FIRE AND CASUALTY INSURANCE COMPANY f/k/a AAA FIRE & CASUALTY INSURANCE COMPANY (hereinafter referred to as "AAA"), hereby states as follows:

## STATEMENT OF FACTS

1.     Plaintiffs have an insurable interest in the property located at 11932 N 93rd East Ave, Collinsville, Oklahoma 74021.

2.     Defendant, AAA, is a foreign corporation incorporated under the laws of the State of Indiana, and is an insurance company registered to engage in the business of insurance in the State of Oklahoma, which may be served with process through the Oklahoma Insurance Department located at 5

Corporate Plaza, 3625 NW 56th St., Suite 100, Oklahoma City, OK 73112.

3.    Plaintiffs entered into a contract for insurance with Defendant, AAA to provide coverage for their property and contents.  Plaintiffs' insured property is located in Collinsville, Tulsa County, Oklahoma.

4.    Defendant, AAA, issued the Homeowners policy of insurance, Policy H05-003362593 (the "Policy"), to Plaintiffs.

5.    Defendant, AAA, represented to the Plaintiffs that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiffs relied on said representations.

6.    On or about March 30, 2016, the property insured by Plaintiffs under the subject insurance Policy was severely damaged as a direct result of a wind/hailstorm.

7.    Plaintiffs timely and properly submitted a claim to Defendant, AAA, for the property damage incurred due to the wind/hailstorm.

8.    Defendant, AAA, confirmed that the cause of Plaintiffs' property damage claim was due to the wind/hailstorm and that the loss was covered under the terms and conditions of the insurance Policy with Defendant, AAA. Defendant, AAA, assigned a claim number of 1001-55-1247 to the covered loss.

<u>FIRST CAUSE OF ACTION</u>
<u>BREACH OF CONTRACT</u>

9.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 8 above

as if fully plead herein, and for further claims against the Defendant, AAA, alleges as follows:

10. Plaintiffs entered into a contract for insurance with Defendant, AAA, to provide coverage for the dwelling, other structures and personal property.

11. At all times material hereto, the policy of insurance, Policy No. H05-003362593, was in full force and effect.

12. Plaintiffs provided timely and proper notice of the claim for property damage resultant from the wind/hailstorm on or about March 30, 2016.

13. Plaintiffs have complied with the terms and conditions and all conditions precedent under the Policy of insurance.

14. As to the windstorm/hailstorm damages that underlie Plaintiffs' claim, the Defendant, AAA has only paid approximately Seven Hundred Thirty-One Dollars and Seventy-Nine Cents ($731.79) in insurance benefits to date for those losses covered by the Policy.

15. Conversely, Plaintiffs received an estimate from their Public Insurance Adjuster which was provided to Defendant that confirmed the cost to repair those losses covered by the Policy total approximately Thirty Four Thousand One Hundred Twenty Three dollars and Ninety-One Cents ($34,123.91).

16. By failing to fully indemnify Plaintiffs for losses covered by the Policy, the Defendant, AAA, has breached its contractual obligations under the terms and conditions of the Policy with Plaintiffs by failing to pay Plaintiffs all

benefits owed.

17.     Defendant, AAA's conduct is the proximate cause of Plaintiffs' damages.

18.     As a result of the Defendant, AAA's breach of contract, Plaintiffs have sustained financial losses.

19.     Pursuant to 12 O.S. § 3629(B), Plaintiffs are entitled to attorneys' fees, costs, and statutory interest at the rate of 15% per annum.

20.     As a result of Defendant, AAA's breach of contract, Plaintiffs have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), but less than Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

## SECOND CAUSE OF ACTION
## BAD FAITH

21.     Plaintiffs adopt and incorporate by reference paragraphs 1 through 20 above as if fully plead herein, and for further claims against the Defendant, AAA, allege as follows:

22.     Defendant, AAA owed a duty to Plaintiffs to deal fairly and act in good faith.

23.     Defendant, AAA failed to retain qualified adjusters with construction experience to properly estimate Plaintiffs' loss.

24.     Defendant, AAA has implemented business practices, including refusing to pay for certain damages despite knowing the scope of loss requires such repairs, in an effort to maximize its profit and underpay its insureds.

25.   Defendant, AAA breached its duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate and/or pay the Plaintiffs' claim.

26.   Defendant, AAA's obligations to the Plaintiffs arise from both express written terms under the insurance Policy and the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

27.   Defendant, AAA's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiffs and constitutes bad faith.

28.   Despite Defendant, AAA's adjuster identifying hail damage to the Plaintiffs' roof(s), Defendant failed to pay for the direct physical damage caused by wind and/or hail on the actual roofing systems.

29.   Defendant, AAA owes for all direct physical damages caused by a peril not otherwise limited or excluded by the express terms of the Policy.

30.   Defendant ignored direct physical damages covered by the Policy for financial gain.

31.   As a direct and proximate result of Defendant, AAA's unfair claims handling conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid.  Said actions resulted in additional profits and a financial premium to Defendant, AAA.

32.   Defendant, AAA engages in a profit sharing program that provides financial incentives to its employees to underpay and/or deny its insureds'

claims.

33.     As a result of the Defendant, AAA's conduct the Plaintiffs have sustained financial losses and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

34.     The conduct of Defendant, AAA was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

35.     The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pustuant to Section 1332 of Title 28 of the United States Code.

36.     Plaintiffs further allege Defendant, AAA profited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against Defendant, CSAA FIRE AND CASUALTY INSURANCE COMPANY f/k/a AAA FIRE & CASUALTY INSURANCE COMPANY, as follows:

a.     Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject Policy of insurance for damage to the dwelling, other structures and personal property caused by the

wind/hailstorm on or about March 30, 2016, together with interest on all amounts due;

b.      Actual and punitive damages each in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

c.      Disgorgement of the increased financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

d.      The amount of punitive damages sought to be recovered for Plaintiffs' Bad Faith/Breach of the Common Law Duty of Good Faith and Fair Dealing action is in excess of the amount required for diversity jurisdiction pustuant to Section 1332 of Title 28 of the United States Code; and

e.      Pre-judgment and post-judgment interest, costs, statutory attorneys' fees, and any other relief deemed equitable and just.

Respectfully submitted,

/s J. Drew Houghton
J. DREW HOUGHTON, OBA # 18080
FOSHEE & YAFFE
P.O. Box 890550
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fylaw.com

*ATTORNEY FOR PLAINTIFFS*

*ATTORNEYS' LIEN CLAIMED*
*JURY TRIAL DEMANDED*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Gerard F. Pignato, Esq.
Erin J. Rooney, Esq.
PIGNATO, COOPER, KOLKER & ROBERSON
119 N. Robinson Ave, 11th Floor
Oklahoma City, OK 73102
Phone: (405) 606-3333
Fax: (405) 606-3334
***Attorneys for Defendant, CSAA Fire
And Casualty Insurance Company***

/s  J. Drew Houghton
J. Drew Houghton